UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIETOSO, INC. d/b/a CAFÉ NAPOLI,<br><br>    Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC.<br><br>and<br><br>ALLIED WASTE SERVICES, LLC d/b/a<br>ALLIED WASTE SERVICES OF<br>BRIDGETON,<br><br>    Defendants. | No. 4:19-CV-397 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion for Reconsideration", ECF No. 33). This matter is fully briefed and ready for disposition.

### STANDARD OF REVIEW

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care*, 141 F.3d at 1286 (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)). "Such motions cannot be used to introduce new evidence, tender

new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* "To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (citing *U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir.2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)).

## DISCUSSION

This case involves Plaintiff's purported nationwide class action complaint for breach of contract against Defendants Republic Services, Inc. and Allied Services, LLC d/b/a Allied Waste Services of Bridgeton. Defendants performed waste removal services for Plaintiff from 2011 through December 2019. (ECF No. 19, ¶¶66, 73). In the First Amended Complaint (ECF No. 15), Plaintiff alleged that Defendants imposed certain price increases that were not authorized by the terms of the service contract. On January 15, 2020, the Court issued a Memorandum and Order dismissing Plaintiff's lawsuit for failure to state a claim. Plaintiff then filed this Motion for Reconsideration.

In its Motion for Reconsideration (ECF No. 33), Plaintiff mistakenly contends that the Court applied the "voluntary-payment doctrine" to grant Defendants' Motion to Dismiss. Plaintiff asserts that the Court improperly held a new implied contract was established every time Plaintiff paid the monthly invoice with increased service charges. Plaintiff further argues that the Court misapplied a "contributory negligence" argument to Plaintiff's breach of contract claim. (ECF No. 33 at 6-7). Therefore, Plaintiff asks the Court to set aside its prior Judgment of Dismissal

with Prejudice or to allow Plaintiff to amend its First Amended Complaint to include additional allegations. (ECF No. 33 at 7).

The Court denies the Motion for Reconsideration because Plaintiff has failed to identify "manifest errors of law or fact or to present newly discovered evidence." Fed. R. Civ. P. 59(e). Here, the Court properly applied the facts to the law and determined that the price increases complained of in the First Amended Complaint were permissible under the parties' written agreement. The Court made no mention of an implied contract, the voluntary-payment doctrine, or contributory negligence in its Memorandum and Order. Rather, the Court found that the price increases were authorized under the parties' existing written contract. Therefore, the Court denies the Motion for Reconsideration because it is an attempt to "to relitigate old matters" already addressed by the Court. *United States v. Mask of Ka-Nefer-Nefer*, No. 4:11CV504 HEA, 2012 WL 1977242, at *1 (E.D. Mo. June 1, 2012), *aff'd*, 752 F.3d 737 (8th Cir. 2014) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

Finally, Plaintiff belatedly seeks leave to file an amended complaint to correct the deficiencies in its First Amended Complaint. However, it is too little and too late. Plaintiff's conditional request for leave to amend its pleadings after the Court's dismissal and without filing a proposed amended complaint are clearly inadequate under Eighth Circuit precedent. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) ("[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one."); *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("[T]o preserve the right to amend a complaint a party must submit a proposed amendment along with its motion."); *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 519 (8th Cir. 2018) (affirming denial of leave to amend where plaintiff did not move to amend, request leave to amend the complaint in

opposition to the motion to dismiss, and did not include a proposed amendment in its brief); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (citing *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir.1983 ("in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion"). The Eighth Circuit has repeatedly held that a "the district court [i]s not required to engage in a guessing game" as a result of the plaintiff's failure to specify proposed new allegations. *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 885 (8th Cir. 2009) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002)). The Court denies Plaintiff's request for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 33) is **DENIED**.

Dated this 20th day of August, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE